Date signed October 26, 2011



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### (at Baltimore)

| | | |
|---|---|---|
| In re: | * | |
| WALTER EMMANUEL ELLMAN, JR., | * | Case No. 10-38887-DER |
| Debtor. | * | Chapter 7 |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OF DECISION</u>

Before the court is the Motion for Order Directing Debtor to Turnover Property of the

Estate [Docket No. 28] (the "Motion for Turnover") filed by the Chapter 7 trustee on March 18,

2011 and the debtor's Answer [Docket No. 36] filed on March 23, 2011.  In the Motion for

Turnover the trustee seeks to recover non-exempt income tax refunds in the amount of

$15,827.00 received by the debtor in February of 2011 for the tax year ending December 31,

2010.  The debtor's Answer objects to the Motion for Turnover stating that the tax refunds were

used for the debtor's living expenses and are not property of the estate.

After a hearing held on July 13, 2011 the court initially granted the Motion for Turnover

in the amount of $4,837.00—that is, the amount of the income tax refunds that the trustee agreed

could not be exempted by the debtor were he to amend his Schedules B and C.[1]  On July 15,

2011 the debtor filed a Motion to Reconsider the order granting the Motion for Turnover [Docket

No. 58].  At a hearing held on September 8, 2011, the court granted the debtor's request for

reconsideration and then conducted a further hearing on the Motion for Turnover.  Although not

present at the prior hearing, counsel for the United States Trustee appeared at the September 8,

2011 hearing in support of the Motion for Turnover.  At the conclusion of the hearing, the court

asked for additional briefing on the application of In re Fishbein, 245 B.R. 36 (Bankr. D. Md.

2000), to the instant case, particularly with respect to income tax refunds.  Briefs were filed by

the debtor on September 22, 2011 [Docket No. 78] and the trustee on September 26, 2011

[Docket No. 79].[2]

        The facts in this matter are not disputed.  The debtor is a Baltimore County special

education school teacher.  The debtor works only ten months of the year and has extra amounts

withheld from his paycheck in order to have funds available for the two months of the year when

he is not working.  He filed a voluntary Chapter 7 bankruptcy petition on December 27, 2010.

The debtor filed income tax returns for the year 2010, and received income tax refunds on those

returns in February of 2011 in the amount of $15,827.00.  The debtor suffered an injury in

February of 2011 while breaking up a fight at work that left him unable to use his left arm and as

a result he received worker's compensation benefits until June 20, 2011.  Schedule J filed by the

---

[1]  Although the trustee conceded that the debtor would be able to exempt all but $4,837.00 of his income tax
refunds, to date the debtor has not amended his Schedule C to exempt the refunds, nor has he disclosed the refunds
on his Schedule B.  The trustee learned of the refunds upon receiving a copy of the debtor's 2010 income tax return.

[2]  In the Motion to Reconsider, the debtor requested that he be permitted to represent himself with respect to the
trustee's Motion for Turnover.  The debtor has stated that he is a graduate of law school.  The court granted the
debtor's request and accordingly, the debtor has represented himself in this contested matter since he filed the
Motion to Reconsider.

debtor indicates that when he filed his bankruptcy petition his monthly expenses exceeded his

monthly income by $1,202.68. Due to his post-petition injury the debtor has applied for

disability retirement, but as of the September 8, 2011 hearing he remained unemployed with no

source of income.

Although exemptions are to be construed liberally in favor of the debtor, "courts are not

authorized 'to reduce or enlarge the exemption, or to read into the exemption laws an exception

not found there.'" Shirkey v. Leake, 715 F.2d 859, 862 (4th Cir. 1983) (citations omitted). The

case law regarding whether an income tax refund is property of the estate and whether it can be

excluded or exempt if used for living expenses is well settled.

The United States Supreme Court addressed this issue in Kokoszka v. Belford, 417 U.S.

642 (1974). In Kokoszka, the debtor argued that his income tax refund should not be

characterized as "property of the estate" and was outside the trustee's reach. The Supreme Court

noted that the definition of property is meant to be broad in order to secure for creditors

everything of value that a debtor owns while balancing that need against the debtor's right to a

fresh start. Id. at 646. The Court distinguished its prior decision in Lines v. Frederick, 400 U.S.

18 (1970), in which it found in favor of a debtor who was seeking to exclude accrued vacation

pay from the estate because its nature was to provide the equivalent of wages in the future when

the debtor was either on vacation or at the end of their employment. Id. at 649. The debtor in

Kokoszka argued that his income tax refund was similarly needed for a fresh start because it also

derived from wages. The Court disagreed and found that just because a property interest had its

source in wages did not give it special protection because it would allow the debtor to exempt

essentially everything he owned. Id. at 648.

In his memorandum, the debtor urges this court to find that the purpose of his income tax return was similar to the vacation pay in <u>Lines</u> and thus distinguishable from <u>Kokoszka</u>. In <u>Kokoszka</u> and <u>Lines</u>, however, the Supreme Court did not base its decisions on, or give any weight to, the debtor's *use of* their tax refund or vacation pay—rather, the Court looked to the purpose of income tax refunds and vacation pay *in general*. Whether the debtor used his refund for financial planning purposes to make up for the fact that he was not employed during the summer months was irrelevant to the Supreme Court's decision that an income tax refund was not wages.

The United States Court of Appeals for the Fourth Circuit followed the Supreme Court and found that income tax refunds are property of the estate in <u>Turshen v. Chapman</u>, 823 F.2d 836 (4th Cir. 1987). The debtor in <u>Turshen</u> conceded that he knew the refunds were property of the estate, but he deposited them into his personal account and used the funds to support himself. <u>Id.</u> at 838. The debtor argued that the refunds were post-petition income. The Fourth Circuit summarily dismissed this argument, however, and found that the funds were not post-petition income and were property of the estate to be turned over to the trustee immediately. <u>Id.</u> In <u>Turshen</u>, the Fourth Circuit did not recognize an exemption for basic living expenses that would exclude tax refunds from being property of the estate.[3]

The most recent reported opinion on this issue in this district is <u>In re Fishbein</u>. In <u>Fishbein</u>, the debtors sought to exempt their income tax refunds on pre-petition earnings as disposable wages. As a result, the court went further into its inquiry than the Supreme Court or

_____

[3] The debtor argues that <u>Turshen</u> should be disregarded by this court because the debtor in <u>Turshen</u> did not base his argument on whether the funds were exempt because he used them for support, but rather relied on the contention that the funds were exempt as post-petition income. In any event, the Fourth Circuit made clear in its opinion that "[the debtor's] income-tax refunds constituted 'property' of the bankruptcy estate, title to which vested in the estate upon the filing of the [debtor's] Chapter 7 petition." <u>Id.</u> at 838.

the Fourth Circuit and explored the definition of "disposable wages." Looking to Maryland's

Commercial Law Code § 15-601.1, Chief Judge Kier found the term "disposable wages" to mean

"the part of wages that remain after deduction of any amount required to be withheld by law."

Id., at 37. Employers are legally required to withhold a set amount of an employee's wages

based upon the information provided by the employee, and thus the court found that no amount

deducted for taxes could qualify as "disposable wages." Id. Chief Judge Keir cited Kokoszka to

explain that "just because some property interest had its source in wages … does not give it

special protection, for to do so would exempt from the bankrupt estate most of the property

owned by many bankrupts, such as savings accounts and automobiles which had their origin in

wages." Id. at 38 (quoting Kokoszka, 417 U.S. at 648 (quoting In re Kokoszka, 479 F.2d 990,

995 (2nd Cir. 1973)).

An earlier opinion in this district, In re Verill, 17 B.R. 652 (Bankr. D. Md. 1982), also

relied on Kokoszka in finding that a debtor's income tax refund attributable to pre-petition

earnings was property of the bankruptcy estate. The debtors in Verrill attempted to distinguish

their case from Kokoszka because the refund was for the tax year in which the petition was filed,

rather than the preceding year. The court did not find this argument persuasive and instead

followed other courts in holding that the proper procedure where a tax refund is for the year

during which a petition is filed is to pro rate the refund into pre-petition property of the estate

and post-petition property of the debtor. The court followed reasoning similar to the later case of

Fishbein and relied on the statutory language in Maryland's commercial code to determine that

tax refunds simply are not wages, but rather a debt owed to the debtor by the taxing authority.

Id. at 655.

The debtor argues in his memorandum that the facts of his case are distinguishable from Fishbein and Verill.  His case, however, is not different.  In each of the cases discussed above, the debtor argued that tax refunds were wages and/or used for living expenses.  As explained in Kokoszka and Fishbein, if the debtor had chosen to simply save his wages for the months he was employed, he would not have been able to exempt those savings as wages or because they were to be used for living expenses.  Using his tax refund as a way to save money for certain months of the year is no different and is not entitled to different treatment.

The debtor specifically seeks to distinguish his case from Verill by stating that in Verill the court relied on § 70(a)(5) of the Bankruptcy Act of 1898, which defines property to include anything which "might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered …," to conclude that property of the estate includes income tax refunds.  The debtor states that his tax refund is distinguishable because it was earmarked for payment of basic living expenses, and thus cannot be sold transferred, or levied upon.  See Debtor's Memorandum of Law [Docket No. 78], pg. 4, ¶ 2.  Legally, this is simply not the case.  As was the case in Verill, once a tax refund is deposited into an account the funds could be levied upon at any time through a proper garnishment by creditors or setoff by a bank.  In addition, under § 541 of the Bankruptcy Code the current law contains a definition of property of the estate that is broader than the one relied upon in Verill to find tax refunds were property of the bankruptcy estate.

The court understands that the debtor currently faces difficult financial circumstances and that he may well have been in desperate need of funds to meet his living expenses at the time he received the income tax refunds in February.  Dire financial circumstances, however, do not give rise to additional rights of exemption or authorize a debtor to use what is property of his

6

bankruptcy estate to meet his post-petition living expenses.  This court must follow the decisions

of the Supreme Court and the Fourth Circuit discussed above.  Under those decisions, income tax

refunds are property of a debtor's bankruptcy estate to the extent they are derived from

withholdings from the pre-petition earnings of the debtor.  Unfortunately for the debtor, nothing

in any of the relevant reported opinions recognizes—as the debtor argues—a special additional

right of exemption for income tax refunds needed by the debtor for payment of living expenses.

In this case, the debtor received an income tax refund of $15,827.00 for the tax year

2010.  Under Verill, the refund should be pro rated so that a portion of the refund ($222.00) is

treated as the post-petition property of the debtor.[4]  The remaining amount ($15,605.00) of the

refund is property of the debtor's bankruptcy estate subject to the debtor's right to claim his

unused exemptions ($10,990.00).  Thus, the debtor received $4,615.00 that was non-exempt

property that should have been, and must be, turned over to the Chapter 7 trustee.

For these reasons, the Motion for Turnover should be granted and an order will be

entered requiring the debtor to turn over the sum of $4,615.00 to the Chapter 7 trustee.

_____

[4]  The debtor's petition was filed on December 27, 2010, and thus five days of that year should be treated as post-petition days.  Accordingly, the post-petition pro rata portion of the income tax refund would be 1.4% (5/365) or $222.00 ($15,827.00 x .014).

cc:     Debtor
        Debtor(s)' Counsel
        Trustee
        U.S. Trustee
        All Other Parties-In-Interest

**End of Memorandum of Decision**